W. IRVINE CROSS, and JOSEPH C. BOYD, Permanent
Trustees of LYMAN FEARGUSON, an Insolvent debtor
vs. A. J. HECKER, and FRANK X. WARD.

*Jurisdiction in Insolvency.*

The distribution of estates of insolvents must be made by the
trustee in insolvency in the Court having jurisdiction in insol-
vent proceedings, and in that Court alone, and whatever liens
may exist against the estate of the insolvent must be enforced
in the insolvent Court alone, unless otherwise allowed by statute.

Pending certain insolvent proceedings in a Court having exclusive
jurisdiction of the same, an insurance company, a debtor of the
insolvent, being authorized by order of the insolvent Court, filed
a bill of interpleader in an equity Court, to have said Court
determine who was entitled to the fund in its hands. The bill
was answered by the several creditors, each claiming a portion
of the fund, and by the permanent trustees of the insolvent.
The latter denied the validity of the claims made against the
fund, alleging that they could be properly adjudicated in the
insolvent Court, and claiming the fund as part of their insol-
vent's estate. An order was passed directing certain claims to
be paid out of the fund. On appeal from this order, it was
HELD:

That the order was unauthorized, the insolvent Court having no
power to divest itself of its jurisdiction and confer it upon the
equity Court, and the latter Court having no power to exercise
it.

APPEAL from the Circuit Court No. 2, of Baltimore
City.

The case is stated in the opinion of the Court.

The cause was argued before MILLER, ROBINSON, IRV-
ING, BRYAN, FOWLER, and McSHERRY, J.

*Joseph Cooper Boyd,* for the appellants.

*Frank X. Ward,* for the appellees.

FOWLER, J., delivered the opinion of the Court.

The motion to dismiss this appeal must be overruled. It is based upon Article 47, section 31, of the Code, which requires records in insolvent proceedings to be transmitted to this Court within sixty days from the date of the decision appealed from. But this is an appeal from a Court of equity and is governed by Art. 5, sec. 31, which allows three months from the time of the appeal prayed for the transmission of the record. This latter section has been complied with.

The important and only question presented by the record which need now be disposed of is one of jurisdiction. On the 13th August, 1890, William L. Cross filed a petition in insolvency in the Court of Common Pleas against Lyman Fearguson—and on the 15th of the same month Fearguson himself applied to the same Court for the benefit of the insolvent laws, and Joseph C. Boyd was appointed preliminary trustee.

These two proceedings were consolidated, and Messrs. Boyd and Cross were appointed permanent trustees on the 7th November, 1890.

It appears that the Baltimore Fire Insurance Company was indebted to Fearguson on a policy of fire insurance in the sum of $1447.83 which was payable on the 3rd September, 1890. During the month of July, 1890, several of Fearguson's creditors had attachments issued and laid in the hands of the Insurance Company, and during the same month Fearguson gave to several other creditors, among whom were Messrs. Ward and Hecker, the appellees, orders on said insurance money which were addressed to and left with the company, but not paid. Thereupon on the 10th September, 1890, the Insurance Company

filed a bill of interpleader, with the leave of the insolvent Court, to have the Circuit Court of Baltimore City determine who was entitled to the fund in its hands. This bill was answered by the several creditors, who were made parties thereto, each claiming a portion of the fund, and the permanent trustees of the insolvent Ferguson were subsequently made parties defendant. In their answer the trustees deny that any of the claims made against said fund are valid, alleging that they can all be properly adjusted in the insolvent Court, and claiming the fund as part of their insolvent's estate.

Testimony was taken and on the 30th of September, 1891, an order was passed directing the claims of the appellees to be paid out of the fund in question. From this order the trustees of the insolvent have appealed.

Had the Circuit Court any authority to pass this order? We think not.

It has long been the established rule in this State (*Alexander, et al. vs. Ghiselin,* 5 *Gill,* 178,) that the distribution of estates of insolvents must be made by the trustee in insolvency in the Court having jurisdiction in insolvent proceedings, and in that Court alone, and whatever liens may exist against the estate of the insolvent must be enforced in the insolvent Court alone, unless otherwise allowed by statute. In the recent case of *Buschman vs. Hanna & Smith, Trustees,* 72 *Md.,* 1, this rule was enforced against an attaching creditor, who, three days before insolvent proceedings were begun, had an attachment laid in the hands of a conventional trustee holding under an assignment for the benefit of creditors. This assignment having been set aside, and the grantors therein having been adjudicated insolvents, it was held that no further proceedings could be taken under the attachment, and that the attaching creditor must go into the insolvent Court where the inchoate lien he acquired under his attachment could and must be enforced.

In the case just referred to, commenting upon *Thomas vs. Brown & Lowndes,* 67 *Md.*, 517, we said it was error on the part of the Circuit Court of Baltimore City to reserve to itself the right to distribute a fund in the hands of a Bank belonging to an insolvent estate which was claimed by attaching creditors and the insolvent trustees; and that "the insolvent Court was the Court to distribute the fund, as part of the insolvent's estate, *having full power to determine the legal and equitable rights of the parties."* It is true that in the case now before us the insolvent Court passed an order authorizing the bill of interpleader to be filed in the Circuit Court, but it seems to be very clear that the former Court had no power to divest itself of its jurisdiction and confer it upon the latter Court, which, as we have seen, has no power to exercise it. Whatever liens, if any, the appellees had by virtue of the orders of the 3rd of July, 1891, can, therefore, only be enforced in the insolvent Court, and the order appealed from having been passed without authority, must be reversed.

*Order reversed.*

(Decided 16th March, 1892.)